IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Lee O. Wilson, Jr.,           )
        Petitioner,           )
                              )
v.                            )        1:08cv794 (LMB/TRJ)
                              )
Gene Johnson,                 )
        Respondent.           )

MEMORANDUM OPINION

Lee O. Wilson, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, arguing that his constitutional rights have been

abridged by the improper calculation of his sentence and the resultant lengthening of the prison time

he must serve. Respondent filed a Rule 5 Answer and a Motion to Dismiss with a supporting

memorandum. Wilson was given the opportunity to file responsive materials, pursuant to Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response in the form of a Memorandum

in Opposition to Motion to Dismiss. For the reasons that follow, petitioner's claims must be

dismissed.

I.

On April 19, and May 5, 2000, petitioner Lee O. Wilson, Jr., entered pleas of guilty and was

convicted of robbery and attempted robbery in the Circuit Court of Virginia Beach, Virginia.

Commonwealth v. Wilson, R. No. CR00-965 (Va. Cir. Ct. May 5, 2000). Pet., Att. A. On September

12, 2000, the court sentenced petitioner to incarceration in the Virginia Department of Corrections

("VDOC") for terms of seven (7) years on the robbery charge and three (3) years on the attempted

robbery charge, and suspended all but three (3) years and six (6) months provided petitioner would

successfully serve an indeterminate term of supervised probation and demonstrate good behavior for eight (8) years following his release. Id. On July 21, 2003, petitioner was found to be in violation of the suspended sentence, and  the court revoked the suspension of sentence and ordered that the unserved portion of the sentence imposed on September 12, 2000 be executed. Pet., Att. B. However, the court again suspended the original sentence except for time served, conditioned upon Wilson's placement on supervised probation and maintenance of good behavior. Id.

On June 16, 2004, Wilson's suspension of sentence once again was revoked. This time, the court suspended the execution of all but twelve (12) months of the original sentence, again conditioned on petitioner's good behavior and placement on supervised probation upon his release from incarceration. Pet., Att. C. The suspension of sentence was revoked for a third time on August 16, 2005, in this instance with all but one (1) year and six (6) months of the original sentence suspended, again with the requirements that petitioner remain on supervised probation following his release from confinement and maintain good behavior. Pet., Att. D. On February 7, 2007, petitioner's suspension of sentence was revoked for the final time, and he was ordered to serve the unserved portion of the sentence imposed on September 12, 2000. Pet., Att. E.

Wilson pursued a direct appeal to the Court of Appeals of Virginia, arguing that the sentence imposed upon the revocation of his supervised probation was too severe where the court failed to consider that he had no local family to support him upon his release from incarceration, he was made more susceptible to drug addiction relapse by being forced to live at halfway houses where other participants used drugs, and he had attempted multiple times to contact his probation officer to explain that he lacked the means to meet weekly at the probation officer's office. Pet., Att. I. The Court of Appeals denied the petition for appeal on September 21, 2007. Wilson v. Commonwealth,

2

R. No. 0507 07 1 (Va. Ct. App. Sep. 21, 2007). On April 28, 2008, the Supreme Court of Virginia dismissed Wilson's petition for appeal. Wilson v. Commonwealth, R. No. 080393 (Va. Apr. 28, 2008).

On October 30, 2007, Wilson submitted a petition for a writ of habeas corpus to the Circuit Court for Virginia Beach, claiming that he was denied appropriate jail time credit, so the sentence imposed for his final probation revocation was miscalculated and unlawful. The court dismissed the petition on December 26, 2007, finding that it was untimely pursuant to Virginia Code § 8.01-654(A)(2) because it was filed more than a year after Wilson's cause of action accrued, so the claim was procedurally barred. Wilson v. Commonwealth, R. No. CL07-6390 (Va. Cir. Ct. Dec. 26, 2007). The court further determined that Wilson's claim also lacked merit, as "[t]he Virginia Department of Corrections has correctly calculated his sentences," and his "incarceration is lawful...". Id. [1]

Wilson appealed the denial of his habeas corpus application to the Supreme Court of Virginia. In his first assignment of error, Wilson argued that "[t]he Circuit [sic] sentenced the Appellant to 3 years and 7 months. Wherein after numerous attempts by the appellant to get the Clerk and the Honorable William O'Brien to correct the time computation of 4 years." Response, Ex. 1, Pet. for Appeal at 3. On April 28, 2008, the Virginia Supreme Court entered an order dismissing Wilson's appeal as to the first assignment of error because "assignment of error no. 1 is insufficient to comply with Rule 5:17(c)...". [2] Wilson's remaining assignment of error was dismissed

---

[1]In a separate habeas corpus action filed in the Circuit Court for Virginia Beach, petitioner also challenged the effectiveness of the representation he received at the final revocation hearing, and in that instance relief was denied on the merits on February 14, 2008. Wilson v. Dir., Va. Dept. of Corrections, R. No. CL07-7134 (Va. Cir. Ct. Feb. 14, 2008).

[2]Virginia Supreme Court Rule 5:17 (c), subtitled "Form and Content," directs that "[u]nder a separate heading entitled 'Assignments of Error,' the petition shall list the specific errors in the

3

as frivolous. Wilson v. Johnson, R. No. 080393 (Va. Apr. 28, 2008).

On June 26, 2008, Wilson filed the instant federal habeas petition, raising the following claims:

> 1. On February 7, 2007, he was ordered to serve the unserved portion of his original sentence, which amounted to (3) years and seven (7) months incarceration. However, both the sentencing judge and VDOC unlawfully determined that the term of imprisonment would be four (4) years.
>
> 2. The prohibition against double jeopardy was violated when he was ordered to serve more time than remained on his sentence.
>
> 3. VDOC and Legal Services cannot force him to serve a longer sentence than that imposed by the court.
>
> 4. Virginia Code § 53.1-187 was violated when he did not receive the proper start dates for his jail time served.

Because these claims are procedurally barred, the Motion to Dismiss will be granted.

## II.

A federal claim is procedurally defaulted where "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (quoting Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998)). A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998). The procedural default of a claim under Virginia

---

rulings below upon which the appellant intends to rely. ... An assignment of error which merely states that the judgment or award is contrary to the law and the evidence is not sufficient. If the petition for appeal does not contain assignments of error, the appeal will be dismissed."

4

Supreme Court Rule 5:17 (c) is recognized by the Fourth Circuit to be an independent and adequate state procedural rule. Mueller, 181 F.3d at 584-85.

A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

### III.

As the respondent argues in his Motion to Dismiss, petitioner's claims are procedurally barred from federal review by virtue of the Supreme Court of Virginia's explicit application of a procedural default when they were presented to that tribunal. Although petitioner separates his arguments into four claims here, they were collectively reflected in his first assignment of error in

5

his appeal to the Virginia Supreme Court. The Court expressly declined to reach the merits of petitioner's argument because he failed to comply with Virginia Supreme Court Rule 5:17 (c), which has been held to be an independent and adequate state ground for a decision. Mueller, 181 F.3d at 584-85. Therefore, petitioner's claims are procedurally defaulted from federal review absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

In his Memorandum in Opposition to Motion to Dismiss, Wilson argues that the application of a procedural bar to his claims was erroneous, but he apparently misapprehends the nature of the Virginia Supreme Court's ruling, because he principally contends that the appeal was perfected in a timely manner. However, as discussed above, Wilson's first assignment of error was dismissed because he failed to comply with Rule 5:17 (c), which requires a clear statement of "the specific errors upon which the appellant intends to rely." See n. 2, supra. Otherwise, aside from arguing the merits of his federal claims, Wilson states that he is untrained in the law and did not understand how to bring a proper habeas corpus application before the Virginia Supreme Court. To the extent that petitioner thus inferentially argues that his pro se status establishes cause for the procedural default of his federal claims, his position must be rejected. Courts universally hold that the fact that a petitioner is untrained in the law or unfamiliar with a court's procedural rules does not provide a basis for establishing cause. See, e.g., Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003) (finding that a petitioner's pro se status does not constitute adequate ground for cause); Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir.1995) (holding that petitioner's pro se status and ignorance of rights did not constitute cause excusing his failure to properly raise claims in state courts); Barksdale v. Lane, 957 F.2d 379, 385-86 (7th Cir.1992); Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 908

6

(9th Cir.1986) (determining that cause and prejudice standard is equally applicable to untrained pro se litigants); accord, Gilkey v. Kansas, 58 Fed. Appx. 819, 822, 2003 WL 245639 (10th Cir.2003) (citing Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir.1991)); Oliver v. United States, 961 F.2d 1339, 1342 (7th Cir.1992).  Since Wilson has failed to establish cause for the procedural default of his present claims, the issue of prejudice need not be considered,  Kornahrens, 66 F.3d at 1359, and his claims are procedurally barred from federal review.

Lastly, were petitioner to argue that his four present claims were not fully and specifically expressed in his first assignment of error to the Virginia Supreme Court, the result for federal purposes would not change, since such a claim at this juncture would be simultaneously unexhausted and procedurally defaulted. As a general rule, a § 2254 petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982).  To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must have presented the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal; (ii) a state habeas corpus petition; or (iii) an appeal from a circuit court's denial of a state habeas petition.

Yet, this does not end the exhaustion analysis because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."

7

Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). A petitioner may nonetheless overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. See Coleman, 501 U.S. at 750; Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

If it were determined that any portion of petitioner's present claims was not exhausted in his state habeas corpus appeal to the Virginia Supreme Court, that claim would not have been properly exhausted. Moreover, such a claim would now be incapable of exhaustion, as Wilson would now be precluded from raising it in state court pursuant to Virginia Code § 8.01-654(b)(2), which requires that petitions for state habeas relief "contain all allegations the facts of which are known to petitioner at the time of filing" and bars successive habeas petitions containing such allegations. Therefore, any portions of Wilson's present claims which arguably were not subsumed in his first assignment of error in his appeal to the Virginia Supreme Court would now be simultaneously unexhausted and defaulted for the purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Since Wilson has failed to show cause for the default of his present claims, they are procedurally barred from federal review, regardless of the source of the applicable procedural default. Harris, 489 U.S. at 260. Accordingly, this petition must be dismissed.

8

**IV**.

For the foregoing reasons, petitioner's claims are procedurally defaulted from federal consideration on the merits, and this petition will be dismissed. An appropriate Order shall issue.

Entered this _22ᴺᴰ_ day of _July_ 2009.

Alexandria, Virginia

_/s/_

Leonie M. Brinkema
United States District Judge

9